IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FATIMATA KAMARA, et al.,
          Plaintiffs,

v.

OHIO REHABILITATION
SERVICE COMMISSION,
          Defendant.

Case No. C2-00-1371
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terence P. Kemp

**OPINION AND ORDER**

This matter is before the Court on the Plaintiffs' Amended Motion for Class Certification (Doc. # 54) pursuant to Fed. R. Civ. P. 23(b)(2) and (3). For the reasons that follow, the Plaintiffs' motion is denied.

**I. Facts and Procedural History**

Fatimata Kamara and ten other named Plaintiffs brought this action on behalf of themselves and a purported class of individuals who have been employed by the Defendant Ohio Rehabilitation Services Commission. Plaintiffs claim that African-American employees "have been treated differently, held to a different standard, and given different duties when compared to similarly situated white employees." (*Am. Compl.* at ¶ 13). Plaintiffs' complaint references five particular forms of alleged discrimination on the basis of race. First, that Defendant has "routinely denied promotions and raises" to African-Americans (*Id.* at ¶ 14); second, that Defendant requires African-Americans to "perform duties outside job descriptions and/or Defendant's policies and procedures" (*Id.* at ¶ 15); third, that Defendant routinely disciplines African-Americans for "alleged infractions, rule violations [or] supervisor instructions" (*Id.* at ¶

17); fourth, that Defendant gives "negative reviews with the intent to foreclose [African-Americans] the opportunity to interview for promotions or pay increases" (*Id.* at ¶ 18); and fifth that African-Americans are "generally harassed and closely scrutinized" on account of race. (*Id.* at ¶ 19). Plaintiffs maintain that Caucasian employees are not subject to the same instances of alleged mistreatment and assert two claims for relief, both under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ["Title VII"][1].

Plaintiffs first moved for class certification pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2), and (3) on July 1, 2004. The purported class consisted of "all African American employees of Defendant Rehabilitation Service Commission, past or present, who now, or at any time during the ten years proceeding [sic] the commencement of this action have worked for the Defendant . . . ." (Doc. # 32 at 3).

In its order, issued March 11, 2005, this Court denied certification of the proposed class. (Doc. # 46). This Court found that the commonality, typicality, and adequacy of representation requirements of Fed. R. Civ. P. 23(a) were not met because the wide range of employment decisions that Plaintiffs attempted to challenge and the wide variety of supervisors, working conditions, locations, and job duties involved made it unlikely that class treatment would result in efficient adjudication of the Plaintiffs' claims. While denying Plaintiffs' motion for class certification, this Court gave Plaintiffs the opportunity to seek certification of a more narrowly defined, and thus more manageable, class of African-American employees. On April 6, 2005,

---

[1] Attached to the Original Complaint is a Notice of Right to Sue issued to Fatimata Kamara on behalf of the purported class claims. The administrative exhaustion requirements for bringing suit under Title VII in federal court apply to class claims, " albeit in a slightly relaxed form. In particular, while such devices as "piggybacking" and the "single-filing rule" might relieve individual class members of their obligation to file separate charges with the EEOC, a class action nevertheless must be supported by at least one representative charge, timely brought by one of the named plaintiffs, which adequately identifies the collective, class-wide nature of the claimed discrimination." *Marquis v. Tecumseh Products Co.*, 206 F.R.D. 132, 151 (E.D. Mich. 2002) (citations omitted).

2

Plaintiffs filed an Amended Motion for Class Certification pursuant to Fed. R. Civ. P. 23(b)(2) and (3).

Plaintiffs' amended motion and original motion for class certification are indistinguishable except in the proposed class. The amended class definition sought by Plaintiffs is "all African American non-management employees of Defendant Rehabilitation Service Commission, past or present, who now, or at any time during the ten years proceeding [sic] the commencement of this action have worked for the Defendant Rehabilitation Service Commission in the Defendant's Columbus office of the Bureau of Disability Determination (hereinafter "RSC")." (Doc. # 54).

## II. Standard for Class Certification

In order to certify a class action, district courts are required to conduct a "rigorous analysis" to determine whether the Plaintiffs satisfy the requirements of Fed. R. Civ. P. 23. *See General Telephone Co. v. Falcon*, 457 U.S. 147, 161 (1982); *Reeb v. Ohio Dep't of Rehab. & Corr.*, 435 F.3d 639 (6th Cir. 2006). District courts have broad discretion in deciding whether to certify a class, but "that discretion must be exercised within the framework of Rule 23." *In re American Medical Systems, Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996). The party seeking class certification bears the burden of proof. *Id.*

To meet this burden, Plaintiffs must first show that all four of the prerequisites of Rule 23(a) are satisfied. *Id.* Rule 23(a) provides:

> (a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Failure to meet even one of these requirements is fatal to a class action. *Bacon v. Honda of America Mfg., Inc.*, 370 F.3d 565, 569 (6th Cir. 2004); *Edwards v. McCormick*, 196 F.R.D. 487, 493 (S.D. Ohio 2000), citing *In re Am. Med.*, 75 F.3d at 1079. If Plaintiffs are able to show that numerosity, commonality, typicality, and adequacy of representation are satisfied, Plaintiffs must then demonstrate that the action falls within at least one of the subcategories of Rule 23(b). *In re Am. Med.*, 75 F.3d at 1079. Rule 23(b) states:

> (b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
> (1) the prosecution of separate actions by or against individual members of the class would create a risk of
>     (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
>     (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
> (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
> (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Fed. R. Civ. P. 23(b).

Merely repeating the language of Rule 23 in a motion for class certification is not sufficient to satisfy the requirements of the Rule. Rather, Plaintiffs must make "an adequate statement of the basic facts to indicate that each requirement of the rule is fulfilled." *In re Am. Med.*, 75 F.3d at 1079.

### III. Rule 23(a)

#### A. Rule 23(a)(1). Numerosity

Plaintiffs must first demonstrate that the proposed class "is so numerous that joinder of all members is impracticable." There is no bright line numerical test by which a district court can determine when the numerosity requirement is satisfied and the Sixth Circuit has stated that a class action does not require any specific number of members: "Impracticability of joinder is not determined according to a strict numerical test but upon the circumstances surrounding the case." *Senter v. General Motors Corp.*, 532 F.2d 511, 523 n.24 (6th Cir. 1976) (citing *Cash v. Swifton Land Corp.*, 434 F.2d 569 (6th Cir. 1970).

In this case, Plaintiffs define the proposed class as all African-American non-management employees who now or at any time in the ten years preceding the filing of this case have worked for the Defendant RSC. The Sixth Circuit has held that the "sheer number of potential litigants in a class, especially if it is more than several hundred, can be the only factor needed to satisfy Rule 23(a)(1)." *Bacon*, 370 F.3d at 570, citing Herbert B. Newberg & Alba Conte, Newberg on Class Actions, § 3:5, at 243-45 (4th ed. 2002). Plaintiffs state that the class implicates "potentially more than one hundred" African Americans (Doc. #54-1 at 4) thus making the class so numerous that joinder is impracticable; however, Plaintiffs have offered no data or evidence which supports this assertion. This Court cannot assume that the numerosity requirement has been met.

The number of potential class members is not the only factor a court may consider in determining whether joinder is impracticable. Courts may also consider "judicial economy arising from the avoidance of a multiplicity of actions, geographic dispersion of class members,

5

financial resources of class members, the ability of claimants to institute individual suits, and requests for prospective injunctive relief . . . ." *Reeb v. Ohio Dep't of Rehab. & Corr.*, 221 F.R.D. 464, 473 (S.D. Ohio 2004) (Marbley, J.), quoting *Robidoux v. Celani*, 987 F.2d 931, 936 (2nd Cir. 1993). Plaintiffs in this case have offered no substantiation of the existence of such factors.

Based on the current record, this Court concludes that Plaintiffs fail to satisfy the numerosity requirement of Rule 23(a).

### B. Rule 23(a)(2). Commonality

Plaintiffs must show that there are questions of law or fact common to the class. Class certification is appropriate if it is "unlikely that differences in the factual background of each claim will affect the outcome of the legal issue." *California v. Yamasaki*, 442 U.S. 682, 701 (1979). "Variations in the circumstances of class members are acceptable, as long as they have at least one issue in common." *Bacon*, 370 F.3d at 570, citing *In re Am. Med.*, 75 f.3d at 1080. In this case, Plaintiffs maintain that there are questions of both law and fact common to the proposed class.

Plaintiffs argue that the commonality requirement of Rule 23(a)(2) is satisfied because the legal issue presented—"whether Defendant's conduct violated Title VII of the Civil Rights Act of 1964 as amended in 1991"—is common to all members of the class. As recently as January 23, 2006, the Sixth Circuit rejected this argument and held that an alleged violation of Title VII is not enough of a commonality to satisfy the requirement of Rule 23(a)(2). *Reeb*, 435 F.3d at 644-45.

In *Reeb*, four female employees of the Belmont Correctional Institution filed a purported class action under Title VII against the facility and certain officials. In their complaint, the employees alleged that female corrections officers had been treated differently from similarly situated male corrections officers. *Id.* at 640. The Plaintiffs sought class certification of "all those female employees of Defendant Belmont Correctional Institute [sic], past or present, who are members of the OCSEA and who now work, or at any time during the five years preceding the commencement of this action, worked for the Defendant . . . as corrections officers." *Id.* at 643.

In examining the Rule 23 requirements for class certification, the district court found that commonality was satisfied. The court stated that it needed to find only one issue in common among the class members and that "the issue of whether the Defendant's alleged practices violate federal law is a question common to the class." *Reeb v. Ohio Dep't of Rehab. & Corr.*, 221 F.R.D. 464, 475 (S.D. Ohio 2004). On appeal, the Sixth Circuit disagreed and held that the commonality element of Rule 23(a)(2) is not met just because the issue of whether a defendant has violated Title VII is common to the class. The Sixth Circuit stated: "If this were the test, every plaintiff seeking to certify a class in a Title VII action would be entitled to that certification." *Reeb*, 435 F.3d at 644. Thus, to the extent Plaintiffs in the case at bar argue that commonality is satisfied with the implication of Title VII, the argument is without merit.

Plaintiffs in this case also argue that because "[t]he fact of Defendant's unspoken policies, procedures and treatments is common to all members of the class" the commonality requirement of Rule 23(a)(2) is satisfied. Conclusory allegations of discrimination, however, are not enough to satisfy the commonality requirement.

Plaintiffs' original motion for class certification included affidavits of the twelve named Plaintiffs and potential class members. (Doc. # 33). Because the affidavits were principally comprised of conclusory statements of race discrimination, this Court found that the allegations made in the affidavits were insufficient to demonstrate commonality of the issues under Rule 23(a). A district court cannot presume that the commonality requirement is satisfied based on conclusory allegations.

With the Amended Motion for Class Certification, Plaintiffs now submit revised affidavits. These affidavits contain specific allegations of race discrimination; however, they also demonstrate to this Court that the alleged instances of discrimination are far too individualized to satisfy the commonality requirement of Rule 23(a)(2). For example, Carolyn Jackson-Gaither avers that between 1998 and 2005 she applied for five promotions that were ultimately given to white employees. (Jackson-Gaither Aff. ¶ 15–20). Marva Jones avers that for the ten years she worked in an all white unit with a white supervisor, she was routinely forced to do additional and unnecessary tasks that her fellow white employees were never required to perform. (Jones Aff. ¶ 8). Fatimata Kamara avers that in 1995 her supervisor, Bill Hummer, advised her and a colleague that he had seen a list of African-Americans that Suzanne Armitage-Olson, a white area manager, was "targeting" for discipline. (Fatimata Aff. ¶ 7). These allegations of specific instances of race discrimination, along with the rest of those alleged in the Plaintiffs' revised affidavits, are too specific to each individual party to satisfy the commonality element for class certification.[2]

---

[2] In reaching this conclusion, the Court does not pass judgment on the viability of any claim Plaintiffs may have on an individual basis for alleged discrimination under Title VII. The claims, if proven, appear to state valid claims for racial discrimination. The Court only concludes that the claims are far too fact specific to satisfy the commonality requirement of Rule 23 for maintenance of a class action.

The allegations made by Plaintiffs seeking to certify the proposed class in this case are similar to those made by Plaintiffs who unsuccessfully sought to certify a proposed class in *Bacon*. Additionally, the proposed class offered for certification in this case has characteristics similar to the proposed class denied certification in *Bacon*.

In *Bacon*, the Plaintiffs sought class certification of "all African American workers at Honda's four Ohio facilities over the past twenty years who were involved in the company's promotion system." 370 F.3d at 571. The Sixth Circuit held that Plaintiffs failed to satisfy the commonality requirement. In particular, the court noted its skepticism as to a class that would encompass "1) both workers and supervisors; 2) production line-workers and those in administrative positions; 3) workers in four plants with different production capabilities; and 4) workers and supervisors spread over more than 30 departments." *Id.* As the court observed, "[b]ecause class members have such different jobs, we find it difficult to envisage a common policy regarding promotion that would affect them all in the same manner." *Id.* The Sixth Circuit concluded that the only way such a diverse group could satisfy the commonality requirement would be by showing that Honda operated in a discriminatory way against all potential class members "through an *entirely* subjective decision-making process." *Id.*, quoting *Falcon*, 457 U.S. at 159 n.15 (emphasis in original). Plaintiffs in the *Bacon* case failed to make this showing as the evidence demonstrated that Honda did not use an entirely subjective process for promotions.

In its prior *Opinion and Order* denying certification of the originally proposed class, this Court acknowledged that such a proposed class presented commonality problems similar to those in the *Bacon* case. This Court explained that, as in *Bacon*, because the proposed class included employees from various levels of employment, with a variety of job descriptions,

located in different locations, and spread out over a number of departments, class certification would not be the most economical method for adjudicating the assortment of claims raised.

Plaintiffs attempted to address this Court's concerns by narrowing the proposed class to all African-American non-management employees, past or present, who now, or at any time during the ten years preceding the commencement of this action have worked for the Defendant in its Columbus office of the Bureau of Disability Determination. Plaintiffs, however, did not go far enough. Although all members of Plaintiffs' most recent proposed class are employed at the Ohio Rehabilitation Service Commission's Columbus office of the Bureau of Disability Determination, such class still includes employees in a variety of positions[3] and multiple divisions.[4] Additionally, while the proposed class supposedly includes only non-management employees, two of the named plaintiffs in this case hold supervisory posts.[5]

Similar to the Plaintiffs in *Bacon*, Plaintiffs in this case have failed to show that Defendant used an entirely subjective process for promotions. The Defendant presented sufficient evidence of its systems of evaluating, disciplining, and promoting employees over the

---

[3] According to Defendant's Memorandum Contra, the overall structure of the Bureau of Disability Determination ("BDD") has remained fairly consistent over the past 20 years:

> Under BDD's Director are multiple Disability Claims Administrators. Reporting to each Disability Claims Administrator are several Disability Claims Managers. Within the claims adjudication function of BDD, there are some four to six "Areas," each headed by an "Area Manager" holding the Disability Claims Manager classification. Within each "Area" lie numerous "Units," each of which is headed by a Disability Claims Examiners, later called Disability Claims Adjudicators—the bargaining unit workers. There are also some Disability Claims Specialists, a higher-level bargaining unit position, who are assigned to units and function as roving experts. (Mrofka Aff. ¶ 6). Under each supervisor are numerous Disability Claims Adjudicators. (Mrofka Aff. ¶ 6)

(Doc. # 66-1 at 6-7).

[4] Defendant's Memorandum Contra indicates that there is more than one division at BDD in its statement that "[t]he largest division of BDD, where all the named plaintiffs work, is Case Operations." (Williamson Aff., ¶ 1; Doc. # 66-1 at 7).

[5] At the time Defendant's Memorandum Contra was filed, Fatimata Kamara and Felicia Brown were Unit Supervisors, Marva Jones and Ernesta Moody were Disability Claims Specialists, and Deborah Rankin was a Clerk 3. Michael Story was promoted to Disability Claims Adjudicator 3 ("DCA3") in April 2000 but resigned in October 2000. The five remaining Plaintiffs were DCA3s.

last 15 years. (D. Exhs. A-1 through A-7). In sum, this Court concludes that Plaintiffs' proposed class does not satisfy the commonality required by Rule 23(a).

**C. Rule 23(a)(3). Typicality**

The typicality requirement is designed "to limit the class claims to those fairly encompassed by the named plaintiff's claims." *Gen. Tel. Co.*, 446 U.S. at 330. The elements of commonality and typicality "tend to merge." *Rutherford v. City of Cleveland*, 137 F.3d 905, 909 (6th Cir. 1998). "Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Id.* To satisfy the requirement, the proposed Plaintiffs must show that the "injury arises from or is directly related to a wrong to the class, and that wrong includes the wrong to the plaintiff." *In re Am. Med.*, 75 F.3d at 1082, quoting Newberg at § 3-76.

As suggested above, this Court cannot conclude that the claims of the named Plaintiffs are typical of a class because the composition of the purported class is so diverse. The proposed class includes employees at multiple levels of service, who work in various capacities, throughout multiple divisions of the Columbus office of the Ohio Bureau of Disability Determination. Plaintiffs allege, and their proposed class suggests, that racial discrimination affects African-Americans throughout the entire Columbus office of Ohio Bureau of Disability Determination. While the named Plaintiffs do work at multiple levels of service and in various capacities, they all work for the division of Case Operations and have offered no evidence of discrimination in any other division. The only certain common element among *all* members of

the proposed class is their race. This is, however, an insufficient basis from which to assume that a typical Title VII claim can be raised on behalf of a class that would include many diverse current and former employees. In sum, this Court concludes that Plaintiffs fail to satisfy the typicality requirement of Rule 23(a)(3).

**D. Rule 23(a)(4). Adequacy of Representation**

The final element of Rule 23(a) requires that the proposed Plaintiffs show that they will fairly and adequately protect the interests of the class. "This prerequisite is essential to due process, because a final judgment in a class action is binding on all class members." *In re Am. Med.*, 75 F.3d at 1083, citing *Hansberry v. Lee*, 311 U.S. 32 (1940); 1 Newberg, supra, § 3.21, at 3-125. The Sixth Circuit has articulated two criteria for determining the adequacy of representation: "(1) the representative must have common interests with unnamed members of the class, and (2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *Senter*, 532 F.2d at 525. "The adequate representation requirement overlaps with the typicality requirement because in the absence of typical claims, the class representative has no incentives to pursue the claims of the other class members." *In re Am. Med.*, 75 F.3d at 1083.

As stated above, this Court finds that the typicality requirement is not satisfied. It therefore follows that the proposed Plaintiffs cannot adequately represent the interests of a class of current and former employees who are and have been employed at various levels of service, in a variety of positions, throughout multiple divisions of the Columbus office of the Ohio Bureau of Disability Determination.

## IV. Rule 23(b)

Because the proposed Plaintiffs have not satisfied the requirements of Rule 23(a), the Court declines to consider whether the present claims satisfy the requirements of Rule 23(b). The Court concludes that class certification is not appropriate.

## V. Conclusion

In light of the foregoing, the Plaintiffs' Amended Motion for Class Certification (**Doc. # 54**) is **DENIED**.

**IT IS SO ORDERED.**

3-27-2006
**DATE**

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**